IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ROSI WHITED,

    Plaintiff,

v.

MARVIN EDMAN and KICKER ENERGY, LLC.

    Defendants.

___

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT
___

Defendants, Marvin Edman and Kicker Energy, LLC ("Defendants", "Edman" and/or "Kicker"), by and through their attorneys Satriana & Biscan, L.L.C., file this Notice of Removal. The grounds in support of this notice of removal are as follows:

1. Plaintiff filed her Complaint in the District Court, County of Pueblo, State of Colorado, Case No. 2020CV30422, on September 29, 2020. The Complaint is attached hereto as Exhibit 1. Defendant Marvin Edman, through undersigned counsel, waived and accepted service of the summons and complaint in Rosi Whited v. Marvin Edman and Kicker Energy, LLC, Case No., District Court, City and County of Pueblo, State of Colorado on October 27, 2020. Defendant Kicker was served in said action on October 6, 2020, via personal service in the State of Texas. The Waiver and Return of Service are attached hereto as Exhibit 5.

2. Plaintiff's complaint is a civil action concerning an alleged vehicle accident and injury which occurred on or about July 12, 2018. Plaintiff alleges

negligence against Defendant Edman, negligence per se against Defendant Edman, and Negligence against Defendant Kicker, resulting in personal injury. There is a justiciable controversy removable on diversity grounds for purposes of 28 U.S.C. §1441(b).

3. Plaintiff is a citizen of Colorado. Plaintiff resides in the City and County of Pueblo, State of Colorado. Exhibit 1, ¶ 1 and signature page. While "residence alone is not the equivalent of citizenship", the "place of residence is prima facie the domicile". *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Further, an "individual's place of residence creates a presumption of continuing residence in that state and puts the burden of coming forward with contrary evidence on the party seeking to prove otherwise." *Baumann v. Am. Family Mut. Ins. Co.,*, 2011 U.S. Dist. LEXIS 74835, *8, 2011 WL 2709121 (D. Colo. July 12, 2011) (internal quotations omitted). Plaintiff resides in Pueblo, Colorado with her husband. Plaintiff has obtained substantially all of the medical care for which she seeks recovery in this suit in Pueblo, Colorado.

4. Defendant Edman is citizen of Texas. Defendant Edman is a resident of the City of Commerce, County of Hunt, State of Texas. Exhibit 1, ¶ 2. Defendant Edman is a truck driver by profession and his truck is registered in the State of Texas. Defendant Edman pays his state income taxes to the State of Texas.

5. Defendant Kicker Energy, LLC is a Texas limited liability company with its principal place of business at 8071 County Road 1100, Sulphur Springs, Texas 75482, Exhibit 1, ¶ 3. See Exhibit 4. The only members of Defendant Kicker Energy, LLC, are Jesse Johnson and Cindy Johnson, who reside and are domiciled in Texas. They own property and receive mail in Sulphur Springs, Texas, are registered to vote in Texas, and

pay their state income and property taxes in Texas. Defendant Kicker Energy, LLC, and all of its members are citizens of Texas.

6. There is complete diversity of the parties pursuant to 28 U.S.C. §1332(a)(1).

7. Plaintiff's complaint seeks compensation and other relief in an unidentified amount for all injuries, lost earnings, impairment, medicals expenses, costs, and interest. Plaintiff's claims do not articulate or specify what bodily injuries she incurred. She seeks recovery of past and future economic expenses, losses, and damages including but not limited to, physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, and permanent impairment. While there is no dollar value claimed in the complaint, the Colorado District Court Civil Cover Sheet filed by Plaintiff indicates that a money judgment over $100,000 is sought. Exhibit 2.

8. Colorado law permits recovery of non-economic damages like pain and suffering and emotional distress up to limits set from time to time by the Colorado Secretary of State. C.R.S. §13-21-102.5. The present limit for emotional distress damages under Colorado law is $613,760.00. See, http://www.sos.state.co.us/pubs/info_center/files/damages_new.pdf.

9. In light of the specific valuation of the damages sought by the Civil Cover Sheet in excess of $100,000, and the additional claim of entitlement to unspecified emotional distress damages, the reasonable value of the claims at issue in this litigation are in excess of $75,000.00, the jurisdictional minimum pursuant to 28 U.S.C. §1332(a). 46 U.S.C. §1446(c)(2); *Freeport-McMoRan, Inc. v. KN Energy*, 498 U.S. 428, 111 S.

Ct. 858, 112 L. Ed. 2d 951 (1991) (amount in controversy is determined based on plaintiff's complaint when action is filed). The amount in controversy for diversity jurisdiction may be proven by a preponderance of the evidence by reference to the Plaintiffs' informal estimates and settlement demands. *McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008)*. Finally, the Plaintiff's judicial admission in the Colorado Civil Cover Sheet, that the suit seeks "[a] monetary judgment over $100,000" establishes the amount in controversy for purposes of removal jurisdiction. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

10. Because there is complete diversity of the parties and the amount in controversy exceeds $75,000.00 this Court has original jurisdiction of this action and removal is proper under 28 U.S.C. §1446.

11. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LR 81.1(b), and contemporaneously with the filing of this notice, a copy of all process, pleadings, and orders served upon any that were filed by any party in the District Court, City and County of Pueblo, State of Colorado, and a copy of the docket sheet maintained by the Integrated Colorado Courts E-Filing System are, or within 14 days of this notice will be, separately filed. (The docket sheet is attached hereto as Exhibit 3).

12. At the time of filing of this Notice of Removal, no hearings are scheduled in the State Court.

13. Defendants have complied with the requirements of 28 U.S.C. § 1446 and D.C. Colo.LR 81.1.

14. A copy of this Notice of Removal has been filed with the Clerk of the District Court, City and County of Pueblo, Colorado, and served on Plaintiff's Counsel.

4

A copy of the Notice to Adverse Parties and State Court of Removal to Federal Court, which has been filed with the District Court, City and County of Pueblo, Colorado, is attached hereto as Exhibit 6.

15.　　In the complaint Plaintiff does not demand a jury trial. In the Answer Defendants demand trial by jury.

WHEREFORE, Defendants, Marvin Edman and Kicker Energy, LLC respectfully request that this case be removed from the District Court, City and County of Pueblo, State of Colorado, that this Court take jurisdiction of and enter such further orders as may be necessary and proper for the continuation of this action, and that the Defendants be afforded such further relief as this Court deems proper.

Dated November 3, 2020.

Respectfully submitted,

s/ <u>Matthew Y. Biscan</u>
Satriana & Biscan, LLC
720 S. Colorado Blvd., Suite 452-S
Denver, Colorado 80246
(303) 468-5403
(303) 942-7360 (fax)
biscan@sbattys.com

5

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing document was served via E-filing and/or U.S. Mail this 3rd day of November, 2020, upon the following:

Shannon Baillargeon
Erica A. Veccio
Franklin D. Azar & Associates, PC
400 N. Main Street
Pueblo, CO  81003
719/544-8000
719/545-4357 (fax)
baillargeons@fdazar.com
vecchioe@fdazar.com

**Attorneys for Plaintiffs**

District Court, City and County of Pueblo
501 North Elizabeth Street
Pueblo, CO 81003

                s/  Jennifer C. Berryhill

6