| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF PUEBLO COUNTY, COLORADO<br>501 North Elizabeth Street<br>Pueblo, Colorado 81003 | DATE FILED: September 29, 2020 9:57 AM<br>FILING ID: F77CACE4B5CB1<br>CASE NUMBER: 2020CV30422 |
| Plaintiff:  Rosi Whited<br><br>v.<br><br>Defendants:  Marvin Edman and Kicker Energy, LLC | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Shannon K. Baillargeon, #52758<br>Erica A. Vecchio, #36983<br>Franklin D. Azar & Associates, P.C.<br>400 N. Main Street<br>Pueblo, Colorado 81003<br>Phone Number: (719) 544-8000<br>Fax Number:    (719) 545-4357<br>E-Mail: baillargeons@fdazar.com<br>vecchioe@fdazar.com | Case Number:<br><br>Division: |
| **COMPLAINT** | |

Plaintiff Rosi Whited, by and through her attorneys, Franklin D. Azar and Associates, P.C., for her Complaint against the Defendants, states and alleges as follows:

## JURISDICTION AND VENUE

1. Mrs. Whited is, and at all times relevant hereto was, a resident of the County of Pueblo, State of Colorado.

2. Upon information and belief, Defendant Marvin Edman, hereinafter "Defendant Edman," is a resident of the State of Texas.

3. Upon information and belief, Kicker Energy, LLC, hereinafter "Defendant Kicker" is registered to do business in the state of Texas.

4. Jurisdiction is proper in this Court pursuant to C.R.S. § 13-1-124, as the incident underlying this cause of action occurred within the County of Pueblo, State of Colorado.

5. Venue is proper in this Court pursuant to C.R.C.P. § 98(c)(5), as the incident underlying this cause of action occurred within the County of Pueblo, State of Colorado.

Exhibit 1

## GENERAL ALLEGATIONS

6. On July 12, 2018 at approximately 10:26 p.m. the Plaintiff was a passenger in a 2010 Chevrolet Suburban 2010 Chevrolet Suburban parked on the right side of N. Elizabeth Street.

7. Defendant Edman, at the same approximate time, was operating a 2016 Peterbilt attempting to make a left-hand turn onto N. Elizabeth Street.

8. Defendant Edman attempted a left-hand turn and negligently collided into the front driver's side of the Plaintiff's vehicle.

9. Defendant Kicker is the lawful owner of the 2016 Peterbilt driven by Defendant Edman on July 12, 2018.

10. Officer Eufracio Ortiz of Pueblo Police Department investigated the collision on July 12, 2018.

11. Upon conclusion of the collision, Officer Ortiz determined the sole cause of the collision was Defendant Edman's failure to drive in his designated lane.

12. Officer Ortiz cited Defendant Edman in accordance with C.R.S. §42-4-1007, Failure to Drive in Designated Lane.

13. On July 12, 2018, Defendant Edman was acting as an employee of Kicker Energy, LLC.

14. On the date in question, Defendant Edman was acting as an agent and within his scope of employment with Kicker Energy, LLC.

15. Defendant Edman had a duty and obligation to operate his employer's vehicle in a safe and lawful manner.

16. Defendant Edman breached his duty of care when he failed to stay in his designated lane, colliding into the front driver's side of the Plaintiff's vehicle causing personal injuries and property damage.

17. The Plaintiff had no way of avoiding the collision on July 12, 2018.

18. The Plaintiff incurred injuries, losses, and damages as a result of Defendant Edman's negligent, reckless, and careless operation of his employer's motor vehicle on July 12, 2018.

**FIRST CLAIM FOR RELIEF**
**(Negligence Against Defendant Edman)**

19. Mrs. Whited incorporates all prior allegations as though fully set forth herein.

20. The actions of Defendant Edman at the time of the collision, including, but not limited to, careless driving was negligent.

21. The collision was caused by the negligence, carelessness, and recklessness of Defendant Edman in the operation of his motor vehicle.

22. As a direct, proximate and foreseeable result of the negligence of Defendant Edman, Mrs. Whited suffered physical injuries, past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, and permanent impairment in amounts to be determined at the time of trial.

**SECOND CLAIM FOR RELIEF**
**(Negligence *Per Se* Against Defendant Edman)**

23. Mrs. Whited incorporates all prior allegations as though fully set forth herein.

24. In the course of the automobile collision described above, Defendant Edman violated C.R.S. § 42-4-1402, Careless Driving.

25. In the course of the automobile collision described above, Defendant Edman violated C.R.S. § 42-4-1007, Failing to Stay in Designated Lane.

26. Mrs. Whited is a member of the class of persons which the aforementioned statutes were intended to protect.

27. The above-described actions of Defendant Edman constitute negligence *per se*.

28. As a direct, proximate and foreseeable result of the negligence of Defendant Edman, Mrs. Whited suffered physical injuries, past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, and permanent impairment in amounts to be determined at the time of trial.

**THIRD CLAIM FOR RELIEF**

**(Negligence Against Defendant Kicker Energy, LLC)**

29. Mrs. Whited incorporates all prior allegations as though fully set forth herein.

30. Upon information and belief, Defendant Edman was the employee or agent of Defendant Kicker.

31. The vehicle involved in the crash was owned by Defendant Kicker.

32. Upon information and belief, Defendant Edman was acting within the scope of his employment or authority with Defendant Kicker.

33. Thus, the acts or omissions of Defendant Edman are in law the acts or omissions of Defendant Kicker.

34. As a direct, proximate, and foreseeable result of the negligence of Defendant Kicker, Plaintiff suffered past damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills in amounts to be determined at the time of trial.

35. As a direct, proximate, and foreseeable result of the negligence of Defendant Kicker, Plaintiff will suffer future economic and non-economic damages, including permanent impairment in an amount to be determined at the time of trial.

WHEREFORE, Mrs. Whited respectfully requests that this Court enter judgment against the Defendants, and in her favor for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Respectfully submitted this 29th day of September, 2020.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
*Pursuant to C.R.C.P. 121 § 1-29(9), original is duly signed and on file at the office of Franklin D. Azar & Associates, P.C., and will be made available for inspection by other parties or the Court upon request.*

*/s/ Shannon K. Baillargeon*
Shannon K. Baillargeon, #52758
ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
**PO Box 2298**
**Pueblo, CO 81004**